UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD STEVENSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO.   04-CR-20014-BC
                 05-CV-10262-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION FOR CORRECTION OF SENTENCE
PURSUANT TO 28 U.S.C. § 2255**
(Dkt. 48)
**AND
RESPONDENT'S MOTION TO DISMISS PETITION UNDER 28 U.S.C. § 2255**
(Dkt. 53)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's Motion for Correction of Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED** and that Respondent's Motion to Dismiss Petition Under 28 U.S.C. § 2255 be **GRANTED**.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 50), are the above-entitled motions. Petitioner has filed a response opposing the

Government's motion. (Dkt. 55.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

### B.      Procedural History

On February 25, 2004, Petitioner was charged with a conspiracy to distribute cocaine, heroine, ecstasy and marijuana "from sometime unknown and continuing until approximately August 27, 2003." (Indictment, Dkt. 3, Count I.) Petitioner was also charged with possession with intent to distribute heroine, cocaine, ecstasy and marijuana. (*Id*., Counts II-V.)  At the time of Petitioner's arraignment on March 9, 2004, I noted that the imposition of bond was inappropriate as the Petitioner was at that time serving a state sentence of incarceration. On March 30, 2004, Petitioner filed a waiver of rights under the interstate agreement on detainers. (Dkt. 16.)  This allowed Petitioner to return to state custody pending federal prosecution. In July 2004, a First Superseding Indictment was filed against Petitioner, although no substantive changes were made in the charges against him. (Dkt. 25.) On September 9, 2004, Petitioner entered into a Rule 11 Plea Agreement and pled guilty to Count I of the First Superseding Indictment. On February 3, 2005, after the preparation of a Presentence Investigation Report, Petitioner was sentenced to 108 months incarceration to be served concurrently to any other undischarged term of incarceration. (Dkt. 46.)  At that time, pursuant to the Rule 11 Plea Agreement, the remaining charges against him were dismissed. No direct appeal was filed from this judgment, and the instant motion followed on October 3, 2005.

Citing 18 U.S.C. § 3585,[1] Petitioner filed the instant motion seeking to recalculate his sentence. Petitioner states: "It is [Petitioner's] contention that he should have been given credit he was in **"official custody"** (state), back to 12-18-03; the time he was incarcerated for the state offense when he was indicted for his federal case." (Pet'r.'s Mot., Dkt. 48 at 2.) Petitioner contends that "he can show his state offense occurred after his federal offense, thus making him eligible for pre-sentence time credit." (*Id*.) Petitioner states that he has requested recalculation of his sentence from the Bureau of Prisons (BOP), and that this request was denied. (*Id*. at 1.) Petitioner states:

> If the federal offense occurred (started) in August of 1999, as the evidence states then, his state offense, which didn't occur until 08-07-02; **after** his federal offense, which he was incarcerated for at the time of his federal indictment, he should be given pre-sentence detention credit back to **January 16, 2004**, the date when defendant was first ask [sic] to answer the charges which would eventually make up this federal indictment. (See Exhibit #1)

(*Id*. at 3.)

Respondent argues that the motion should be dismissed as the Court lacks jurisdiction under 28 U.S.C. § 2255 to grant the remedy requested. In the alternative, Respondent argues that Petitioner's request for relief fails on the merits.

---

[1] Section 3585 states:

**Calculation of a term of imprisonment**
    **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
    **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

### C. Law and Analysis

The general rule is that 28 U.S.C. § 2255 actions relate to conviction and the imposition of sentence. *Moore v. Perrill*, 39 F. 3d 1192 (10th Cir. 1994). Here, however, Petitioner at no point disputes his plea, conviction, or the length of the sentence imposed by Judge Lawson. Instead, Petitioner seeks only the application of sentence credits. In this circuit, claims seeking to challenge the execution or manner in which a sentence is served are to be filed under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). I therefore suggest that Respondent's jurisdictional arguments have merit and that this Court lacks the jurisdiction and authority to grant the relief requested in a motion filed under 28 U.S.C. § 2255.

Petitioner's reliance upon his *pro se* status, I suggest, is unavailing. Although Petitioner is correct that a *pro se* litigant's pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), ". . . [A] *pro se* litigant, whether a plaintiff or a defendant is required to follow the law." *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113. I therefore suggest that the grant of Respondent's motion and the denial of Petitioner's motion is appropriate.

In the alternative, I suggest that Petitioner's motion fails on the merits. The recent case of *Wilson v. Sniezek*, No. 4:05 CV 2099, 2005 WL 2491532 (N.D. Ohio Oct. 7, 2005), is closely analogous, and I suggest its analysis is controlling. The petitioner in *Wilson*, as in the instant case, cited 18 U.S.C. § 3585 and argued that he was not given the concurrent sentence ordered by the

4

sentencing judge. As in the instant case, petitioner in *Wilson* was in state custody with his state sentence commencing approximately two years prior to his federal sentence. After concluding that petitioner Wilson had exhausted his administrative remedies within the BOP,[2] the court pointed out that the Sixth Circuit has interpreted 18 U.S.C. § 3584 to give a sentencing court discretion as to whether a sentence is to run concurrently or consecutively. The court then stated:

> . . . The Supreme Court has explicitly held that the authority to award **sentence credit** under § 3585(b) is granted by Congress to the Attorney General rather than to the sentencing court. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). Thus, although Mr. Wilson argues that the BOP is acting in contravention of the district court order that his sentences run concurrently, the basis upon which he claims he is entitled to an earlier release date from prison falls strictly under the provisions of 18 U.S.C. § 3585.

*Id*. *2.

Turning to the application of 18 U.S.C. § 3585, the *Wilson* court made a series of conclusions which, I suggest, apply equally to the instant case.

> Here the Bureau has determined that Mr. Wilson is not entitled to **credit** on his federal **sentence** for the period from March 17, 1989, until his federal sentence was imposed on April 16, 1991. One critical reason for its decision is the fact that he was not in exclusive federal custody during that time.
>
> . . . .
>
> . . . It is a legal axiom that the state from which a prisoner is transported retains primary jurisdiction over that prisoner as long as the prisoner is serving an unexpired state sentence. *See Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody); *Salley v. Untied States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus *ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody). Therefore, Mr. Wilson was not in exclusive federal custody as long as he was still serving his state sentence. Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992); *Hernandez*

---

[2] I presume, for the purposes of this analysis, that the Petitioner in this case has in fact exhausted his administrative remedies within the BOP.

> *v. United States Attorney General*, 689 F.2d 915, 918-19 (10th cir. 1982); *Roche v. Sizer*, 675 F.2d 507, 509-10 (2d Cir. 1982).

*Id.* *3.

Applying the law cited above to this case, I first suggest that the authority to grant the sentence credit requested by Petitioner lies exclusively with the BOP and not with this Court. Even if this Court had the authority to make the recalculation requested by Petitioner, under 28 U.S.C. § 3585, the credit requested by Petitioner is unavailable. As in the *Wilson* case, I suggest that Petitioner is not at this time in exclusive federal custody, as he is continuing to serve his state sentence. Under *Wilson*, I further suggest that Petitioner's federal custody, and thus his federal sentence, only commence once the state authorities relinquish the petitioner after the satisfaction of his state sentence. As a result, no sentence credit is allowable, as he is not yet serving a federal sentence. Thus, I suggest that should the court reach the merits, the denial of Petitioner's motion is appropriate.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

6

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                        s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: February 23, 2006                   United States Magistrate Judge

### CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael J. Hluchaniuk, and served in the traditional manner on Reginald Stevenson and Honorable David M. Lawson.

Dated:  February 23, 2006                 By    s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder