UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD STEVENSON,

        Petitioner,                    Criminal No. 04-20014
                                                       Civil No. 05-10262
v.                                                       Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S
OBJECTIONS, GRANTING MOTION TO DISMISS, AND DISMISSING
WITHOUT PREJUDICE MOTION TO CORRECT SENTENCE</u>**

The petitioner, Reginald Stevenson, who is presently in state custody serving a sentence for a Michigan conviction, pleaded guilty in this Court to violating the Controlled Substances Act and was sentenced to 108 months in prison. He did not appeal his conviction or sentence. He has filed a petition under 28 U.S.C. § 2255 for correction of his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Thereafter, the government filed a motion to dismiss. Magistrate Judge Binder filed a report recommending that the petition be denied and the government's motion to dismiss be granted, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter. The petitioner claims that he is entitled to credit towards his federal sentence for time served on an unrelated state sentence pursuant to 18 U.S.C. § 3585(b). The Court agrees with the magistrate judge and the government that a motion brought under 28 U.S.C. § 2255 is not the proper vehicle for presenting the petitioner's argument. The petitioner must wait until he is transferred to federal custody, exhaust his administrative

remedies within the Bureau of Prisons (BOP), and if he finds no relief there, he may then file an action in the appropriate court under 28 U.S.C. § 2241.

I.

The petitioner was indicted on February 25, 2004 on five counts of violating the Controlled Substances Act. A superseding indictment was filed on July 14, 2004, but no substantive changes were made. Count one of the indictment, to which the petitioner ultimately pleaded guilty, alleged conspiracy to distribute heroine, cocaine, ecstacy, and marijuana in violation of 18 U.S.C. § 846. That count alleged that the petitioner had been involved in the conspiracy "[f]rom sometime unknown . . . until approximately August 27, 2003." Superseding Indictment [dkt # 25] at 1.

Before the federal prosecution commenced, the petitioner was convicted in the Saginaw County, Michigan circuit court for receiving and concealing stolen property. Documents from the State show that the petitioner was arrested on August 7, 2002 for that charge and was sentenced on December 18, 2003 to 46 months to 20 years imprisonment with credit for one day served. The petitioner was in state custody when he was brought before this Court for his initial appearance. On March 30, 2004, the petitioner agreed to waive his rights under the Interstate Agreement on Detainers Act, and he remained in state custody during the pendency of the federal prosecution.

On September 9, 2004, the petitioner signed a written plea agreement in which he agreed to plead guilty to count one of the superseding indictment in exchange for dismissal of the other counts. On February 3, 2005, the Court sentenced the petitioner to 108 months imprisonment, which was at the low end of the calculated Sentencing Guidelines range. The Court specified that sentence was to be served concurrently with the undischarged portion of the petitioner's state court sentence.

The petitioner did not file a direct appeal. Instead, on October 3, 2005, he filed the present motion for correction of his sentence pursuant to 28 U.S.C. § 2255. The petitioner does not seek to vacate, correct, or modify his sentence. Rather, he seeks credit on his federal sentence for the time served in state custody prior to sentencing in this Court. He bases his argument on 28 U.S.C. § 3585(b).

On November 28, 2005, the government filed a motion to dismiss the petitioner's motion on the ground that his claim should have been brought under 28 U.S.C. § 2241. Alternatively, the government asserted that the claim lacked merit.

On February 23, 2006, Magistrate Judge Binder issued his report recommending that the Court grant the government's motion to dismiss and deny the petitioner's motion. The magistrate judge agreed with the government that the petitioner's claim should have been brought under section 2241 and found that his *pro se* status did not justify overlooking this error. The magistrate judge also suggested that the petitioner's argument failed on the merits because he is not in exclusive federal custody, since he presently is serving his state sentence at the Mound Correctional Facility in Detroit, Michigan. The magistrate judge therefore concluded that the petitioner is not entitled to relief under 18 U.S.C. § 3585.

The petitioner filed timely objections in which he reasserts the arguments made in his motion and argues that the Court should forgive any procedural error on his part in light of his status as a laymen. The government filed a response to the objections relying on the arguments made in its motion to dismiss.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner alleges none of these things, however. Rather, he objects to the manner in which the Bureau of Prisons (BOP) calculates the credit for time served against his federal sentence.

According to the exhibits attached to the petitioner's motion, Stevenson sent a letter to the BOP asking it to recalculate his sentence; he asked for credit for the time he spent in state custody before his federal sentence was imposed on February 3, 2005. On September 21, 2005, the BOP sent the petitioner a letter declining to give credit and instead determining that the petitioner's federal sentence began on the day it was imposed, even though he was not sent to federal custody at that time. The BOP cited 18 U.S.C. § 3585 as the controlling statute. Although federal regulations allow for administrative review of decisions of this sort, *see* 28 C.F.R. § 542.10 *et seq.*, the petitioner took the matter no further, which is sensible since the administrative review process "applies to all inmates in institutions operated by the Bureau of Prisons." 28 C.F.R. § 542.10(b).

The significance of this latter fact has been overlooked by the petitioner, who seeks relief via section 2255. In his motion, he is contesting the manner in which his sentence is executed. "[S]ection 2241 is the appropriate vehicle for a federal prisoner to challenge the manner in which his sentence is executed." *Hacker v. Federal Bureau of Prisons*, 450 F. Supp. 2d 705, 709 (E.D. Mich. 2006) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991)). Relief concerning the

execution of a sentence is not available under section 2255, which addresses collateral attacks on the underlying conviction and imposition of sentence.

This distinction holds true post-AEDPA, as noted in the widely-cited Sixth Circuit case *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In that case, the Sixth Circuit explained:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Charles,* 180 F.3d at 755-56 (citations omitted).

In his objections to the magistrate judge's report, Stevenson asks the Court to overlook the fact that he has invoked the wrong statute. He asks the Court to apply the familiar rule that a *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the petitioner's mistake is more that a technical error, and the Court cannot ignore it.

First, the petitioner is not presently in federal custody, which is a prerequisite to the application of section 2241 in this instance. *See* 28 U.S.C. § 2241(c)(1) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [the prisoner] is in custody under or by color of the authority of the United States or is committed for trial before some court thereof"). Second, to properly adjudicate a claim challenging the calculation of a sentence, the appropriate federal custodian, namely a BOP official in charge of the petitioner's detention, must be summoned before the court. That person likely will be the warden of the federal facility in which the petitioner is housed once transferred to federal custody. However, the third point that flows from that observation is that the action must be brought in the district where the prisoner is detained, which

may not be the same district as the sentencing court. *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003) (stating that "[a] petition for habeas corpus [under section 2241] must be filed in the district court that has jurisdiction over a prisoner's place of confinement. . . . As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction"). Finally, before the petitioner may bring such a claim, he must exhaust his administrative remedies. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006) (holding that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241").

As a practical matter, the petitioner also must overcome the plain language of 18 U.S.C. § 3585(b)(2), which states:

> (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). It appears that the petitioner is asking the BOP to credit time against his federal sentence that already was credited against his state sentence prior to February 3, 2005. As the Supreme Court has recognized, section 3858(b) "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The Sixth Circuit has rejected claims on numerous occasions under § 3585(b) where the prisoner received credit against a state sentence for the time claimed. *See, e.g., Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. Apr. 25, 2006); *Bridgeman v. Bureau of Prisons*, 112 F. App'x 411, 413

(6th Cir. Sept. 20, 2004); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. Feb. 20, 2003); *Huffman v. Perez*, 230 F.3d 1358, *2 (6th Cir. Sept. 27, 2000) (Table). But that will be an issue for another day.

The petitioner is not yet in federal custody: he still is confined by the Michigan Department of Corrections on his state sentence. Contrary to the magistrate judge's statement suggesting otherwise, the petitioner is now serving his federal sentence, which this Court ordered to run concurrently with the undischarged term of the petitioner's state sentence. But the remedy of habeas corpus is addressed to the custodian, which must be a federal official according to the nature of the petitioner's complaint in this case. When the petitioner is transferred to federal custody, he can join the issue with respect to the calculation of sentencing credits. Until then, his petition is premature.

III.

The Court finds that the relief the petitioner seeks is not properly cognizable under 28 U.S.C. § 2255. The petitioner is not yet in a position to seek relief on his complaint concerning the calculation of sentence credits under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 57] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt # 56] is **ADOPTED**.

It is further **ORDERED** that the government's motion to dismiss [dkt # 53] is **GRANTED**.

It is further **ORDERED** that the petitioner's motion to correct his sentence [dkt # 48] is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 12, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

        s/Felicia M. Moses
        FELICIA M. MOSES