UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD STEVENSON,

        Petitioner,                        Civil No. 05-10262
                                            Criminal No. 04-20014
v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

        The petitioner, Reginald Stevenson, has filed, with the assistance of counsel, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Stevenson originally was charged with five counts of violating the Controlled Substances Act. He pleaded guilty to one count charging conspiracy to distribute heroin, cocaine, ecstacy and marijuana, in exchange for the government's agreement to dismiss the other counts. The petitioner was sentenced to a prison term of 108 months to be followed by six years of supervised release. He did not file a direct appeal of his conviction or sentence. He now asserts that his sentence was enhanced improperly by the use of his prior state court conviction for a felony drug offense, citing *Lopez v. Gonzales*, 549 U.S. 47 (2006). The government has filed a motion to dismiss the motion as untimely. The Court finds that *Lopez* does not afford the petitioner relief, and his motion was not filed within the time allowed by 28 U.S.C. § 2255(f). Therefore, the Court will deny the petitioner's motion to vacate his sentence and grant the government's motion to dismiss.

I.

Stevenson pleaded guilty on September 9, 2004 to conspiracy to distribute heroin, cocaine, ecstacy and marijuana in violation of 21 U.S.C. § 841(b)(1)(C). The maximum penalty for that offense normally is twenty years in prison. However, if the defendant commits the offense "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years." *Ibid.* Stevenson was convicted of delivery of cocaine under Michigan law in 1989 and was sentenced to a prison term of five to thirty years. Therefore, he faced a maximum prison sentence of thirty years for the crime in this case. However, Stevenson's sentencing guideline range was 108 to 135 months, and the Court sentenced him to the bottom of that range on February 3, 2005. He did not pursue a direct appeal.

Stevenson filed the present motion on March 27, 2007. The government responded four months later with its motion to dismiss. A federal prisoner claiming to be in custody in violation of the Constitution or laws of the United States may seek relief by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If the limitations period is calculated from the date the petitioner's conviction became final in this case, his motion is untimely. A federal criminal judgment that is not appealed becomes final

for the purpose of section 2255 ten days after it is entered. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The petitioner's conviction became final in this case, therefore, on February 13, 2005. The limitations period, then, would expire one year later, on February 13, 2006.

However, the petitioner contends that his motion is timely because the right he asserts was first recognized in *Lopez v. Gonzales*, which was decided on December 5, 2006. If *Lopez* established a right to relief for the petitioner here, then his motion would be timely. *See* 28 U.S.C. § 2255(f)(3).

In *Lopez*, the Supreme Court interpreted a provision of the Immigration and Nationality Act (INA) that set out the circumstances under which an alien becomes removable. The INA defines removability to include persons who have been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The point of contention was whether "conduct made a felony under state law but a misdemeanor under the Controlled Substances Act" could nonetheless qualify as an aggravated felony under the INA. *Lopez*, 549 U.S. at 50. The INA defined "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Lopez's prior crime was aiding and abetting possession of a controlled substance, which would have been a misdemeanor under federal law, although it was a felony under state law. His felony did not include an element of delivery or distribution. Because Congress made specific reference to the federal criminal code in its definition of "drug trafficking crime" in the INA, the Supreme Court reasoned that the petitioner's conduct must qualify under federal law as a drug trafficking crime in order to amount to an aggravated felony. Otherwise, congressional intent to apply a uniform

immigration policy could be upset by variances among state criminal laws. The Court observed: "We cannot imagine that Congress took the trouble to incorporate its own statutory scheme of felonies and misdemeanors if it meant courts to ignore it whenever a State chose to punish a given act more heavily." *Lopez*, 549 U.S. at 58. The Sixth Circuit has described the Supreme Court's reading of the INA as "the hypothetical federal-felony approach." *Rashid v. Mukasey*, 531 F.3d 438, 443 (6th Cir. 2008).

The difference in the statutory terms and definitions in the INA and the Controlled Substances Act readily distinguish *Lopez* from the present case. Under the penalty enhancement provision, the maximum sentence for the petitioner's offense of conviction increases if the petitioner has a prior conviction "for a felony drug offense." 21 U.S.C. § 841(b)(1)(C). Congress has defined "felony drug offense" as follows: "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Unlike the INA, the Controlled Substance Act specifically incorporates the penalty designation "under any law . . . of a State" in its definition. That the same conduct would be punished as a misdemeanor under federal law is of no moment. Nor would it matter if state law classified the offense as a "misdemeanor," as long as the potential punishment exceeds one year of imprisonment. "A state drug offense punishable by more than one year therefore qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." *Burgess v. United States*, 553 U.S. 124, __, 128 S.Ct. 1572, 1575 (2008).

As a final point, the error alleged by the petitioner – treating his prior state conviction as a felony drug offense – would not warrant relief under section 2255 in any event. "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The petitioner has not alleged a constitutional error, his sentence of 108 months in custody was within the statutory limits, and the sentence was not fundamentally unfair. There was no statutory mandatory minimum sentence at work here. The enhancement of the potential maximum sentence had no practical effect on the sentence actually imposed. A ruling in the petitioner's favor on the issue he raised would not result in any relief coming his way.

Because the *Lopez* decision does not create a "right [that] has been newly recognized by the Supreme Court," 28 U.S.C. § 2255(f)(3), that applies in this case, the petitioner's motion must be deemed untimely.

### III.

The motion to vacate sentence was not filed within the time allowed by 28 U.S.C. § 2255(f). Moreover, the petitioner has not shown that he was deprived of any constitutional right or that his sentence is invalid. The petitioner, therefore, is not entitled to relief under 28 U.S.C. § 2255.

Accordingly, it is **ORDERED** that the government's motion to dismiss [dkt. # 63] is **GRANTED**.

It is further **ORDERED** that the petitioner's motion to vacate sentence [dkt. # 59] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 15, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO